IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL K.,[1]

           Plaintiff,

v.

KILOLO KIJAKAZI, Acting Commissioner of Social Security,[2]

           Defendant.

Case No. 3:21-cv-01069-SB

**OPINION AND ORDER**

**BECKERMAN, U.S. Magistrate Judge.**

    Michael K. ("Plaintiff") filed this appeal challenging the Commissioner of the Social Security Administration's ("Commissioner") denial of his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. The Court has jurisdiction to hear this appeal pursuant to 42 U.S.C. § 405(g), and the parties have consented to the jurisdiction of a

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party.

[2] Kilolo Kijakazi became the acting Commissioner of the Social Security Administration on or about July 9, 2021 and is substituted as the defendant. *See* FED. R. CIV. P. 25(d)(1).

PAGE 1 – OPINION AND ORDER

magistrate judge pursuant to 28 U.S.C. § 636(c). For the reasons explained below, the Court reverses the Commissioner's decision.

## STANDARD OF REVIEW

The district court may set aside a denial of benefits only if the Commissioner's findings are "not supported by substantial evidence or based on legal error." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). Substantial evidence is defined as "more than a mere scintilla [of evidence] but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)).

The district court "cannot affirm the Commissioner's decision 'simply by isolating a specific quantum of supporting evidence.'" *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2001) (quoting *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)). Instead, the district court must consider the entire record, weighing the evidence that both supports and detracts from the Commissioner's conclusions. *Id.* Where the record as a whole can support either the grant or denial of Social Security benefits, the district court "may not substitute [its] judgment for the [Commissioner's]." *Bray*, 554 F.3d at 1222 (quoting *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007)).

## BACKGROUND

### I.  PLAINTIFF'S APPLICATION

Plaintiff filed his DIB application on August 25, 2016, alleging a disability onset date of December 27, 2013. (Tr. 291-92.) His claim was denied initially and upon reconsideration, and he requested a hearing on December 19, 2017. (Tr. 167-71.) An administrative hearing was held

on September 5, 2018. (Tr. 16.) In a written decision dated September 12, 2018, an administrative law judge ("ALJ") again denied Plaintiff's application for benefits. (Tr. 135-49.)

The Appeals Council granted Plaintiff's request for review and assigned a new ALJ. (Tr. 150-56.) After a second administrative hearing on September 10, 2019, the new ALJ denied Plaintiff's application in a written decision dated October 24, 2019. (Tr. 13-37, 59-99.) The Appeals Council denied Plaintiff's request for review on December 23, 2019, making the second ALJ's written decision the Commissioner's final decision. (Tr. 1-7.) Plaintiff now seeks judicial review of the ALJ's decision.

## II.   THE SEQUENTIAL PROCESS

A claimant is considered disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). Those five steps are: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the claimant can return to any past relevant work; and (5) whether the claimant can perform other work that exists in significant numbers in the national economy. *Id.* at 724-25.

The claimant bears the burden of proof for the first four steps. *See Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001). If the claimant fails to meet the burden at any of those steps, the claimant is not disabled. *Id.* at 954. The Commissioner bears the burden of proof at step five of the analysis, where the Commissioner must show the claimant can perform

PAGE 3 – OPINION AND ORDER

other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett*, 180 F.3d at 1100. If the Commissioner fails to meet this burden, the claimant is disabled. *See Bustamante*, 262 F.3d at 954.

### III.   THE ALJ'S DECISION

The ALJ applied the five-step sequential evaluation process to determine if Plaintiff is disabled. (Tr. 13-37.) At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity for at least a continuous twelve-month period prior to his application date of December 27, 2013. (Tr. 19.) At step two, the ALJ determined that Plaintiff suffered from the following severe impairments: affective disorder, hidradenitis suppurativa, obesity, sleep apnea, and hypertension. (*Id.*) The ALJ also determined that Plaintiff suffered from the non-severe impairments of carpal tunnel syndrome, plantar fasciitis, post-concussion syndrome, and gout. (Tr. 19-20.) At step three, the ALJ concluded that Plaintiff did not have an impairment that meets or medically equals a listed impairment. (Tr. 20.)

The ALJ then assessed Plaintiff's residual functional capacity ("RFC") and determined that Plaintiff retained the ability to perform light work, subject to the following limitations:

> [Plaintiff] is limited to: simple, routine tasks; no contact with the general public; occasional contact with coworkers and supervisors; no concentrated exposure to extreme heat, humidity and work hazards, such as dangerous moving machinery or unprotected heights; no moderate exposure to wetness; work that does not require sitting for more than one hour at a time; and bilateral frequent handling and fingering.

(Tr. 22.)

At step four, the ALJ concluded that Plaintiff was unable to perform his past relevant work as a diesel mechanic. (Tr. 29.) At step five, the ALJ determined that Plaintiff retained the ability to perform jobs existing in significant numbers in the national economy, including

product assembler, inspector/hand packager, and machine feeder. (Tr. 29-31.) The ALJ therefore concluded that Plaintiff was not disabled. (*Id.*)

## DISCUSSION

Plaintiff argues that the ALJ's RFC was not supported by substantial evidence because (1) the ALJ improperly rejected the medical opinion of James Mours, Psy.D. with respect to Plaintiff's pace limitations; and (2) the ALJ improperly evaluated Plaintiff's symptom testimony relating to his hidradenitis suppurativa. The Court addresses only Plaintiff's second argument, which is dispositive.

### I.   PLAINTIFF'S SYMPTOM TESTIMONY

#### A.   Applicable Law

The Ninth Circuit has "established a two-step analysis for determining the extent to which a claimant's symptom testimony must be credited[.]" *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007)). Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if she gives specific, clear and convincing reasons for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citation omitted).

#### B.   Analysis

Plaintiff argues that the ALJ failed to include functional limitations relating to his hidradenitis suppurativa in the RFC because the ALJ improperly discounted Plaintiff's testimony.

PAGE 5 – OPINION AND ORDER

At the administrative hearing, Plaintiff testified that he had previously worked as a diesel mechanic for decades but was no longer able to sustain employment due to his combined impairments. (Tr. 71-72, 93, 345-50.) Plaintiff testified that his hidradenitis suppurativa prevented him from sustaining full-time employment because it required him to lie down frequently during flare-ups.[3] (Tr. 72.) Plaintiff testified that his hidradenitis suppurativa was the primary reason for his inability to sustain full-time employment. (Tr. 69-70, 72-81.)

The ALJ summarized Plaintiff's symptom testimony relating to his hidradenitis suppurativa:

> In his application for benefits, self-reports, and testimony, the claimant made the following reports. His skin condition and anxiety made it difficult to work[.] His hidradenitis suppurativa caused him to miss work and have open wounds at work. He had several swellings the size of a racquet ball in his groin area. The lesions were very painful. On days when he had new swellings, he could not wear pants, and had to l[ie] down. The exacerbations of his lesions lasted about three weeks, and seemed to occur every two and a half months.

(Tr. 23.) Although the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms[,]" the ALJ further found that "[his] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (*Id.*)

Noting Plaintiff's hidradenitis suppurativa symptoms, the ALJ concluded that Plaintiff's skin condition "supports a limitation to light work, with environmental restrictions (heat,

---

[3] "Hidradenitis suppurativa is a rare, chronic skin condition that features small, painful lumps under the skin. They typically develop where the skin rubs together, such as the armpits, the groin, between the buttocks, and under the breasts. The lumps may break open and smell or cause tunnels under the skin. Hidradenitis suppurativa can persist for many years and worsen over time, with serious effects on daily life and emotional well-being." *Jones v. Colvin*, No. 6:15-cv-00905-SB, 2016 WL 6584929, at *1 n.1 (D. Or. Sept. 30, 2016) (citation omitted).

PAGE 6 – OPINION AND ORDER

humidity, and wetness), which accommodates the claimant's painful lesions and avoids exacerbating his symptoms." (Tr. 26.) The ALJ further noted that "[t]he record of the claimant's hidradenitis suppurativa, with observed discomfort with extended sitting, redness, swelling, irregularity, fistula formation, and scarring in the claimant's thighs, right buttock, left medial inferior chest, right leg, and trunk supports a limitation to light work, with avoidance of concentrated exposure to extreme heat, humidity, avoidance of even moderate exposure to wetness, and a limitation to work that does not require sitting for more than one hour at a time." (Tr. 23-24.)

Although the ALJ addressed some of Plaintiff's symptoms in formulating the RFC, the RFC does not address Plaintiff's testimony about his inability to wear pants and his need to lie down frequently during his frequent hidradenitis suppurativa flare-ups. The ALJ did not articulate why he discounted Plaintiff's testimony about those symptoms. For that reason alone, the ALJ erred by not providing specific, clear, and convincing reasons to discredit Plaintiff's symptom testimony. See *Ghanim*, 763 F.3d at 1163.

Further, although the ALJ concluded that Plaintiff's typical activities of daily living "indicate sufficient physical functional capacity to sustain light work[,]" (Tr. 26), neither the ALJ's analysis nor the RFC address Plaintiff's testimony about his limitations during chronic flare-ups of his hidradenitis suppurativa. There is no indication in the record that Plaintiff can sustain his activities of daily living during these recurring episodes, during which he is unable to wear pants and must lie down frequently to mitigate his symptoms. On this record, Plaintiff's typical daily activities do not constitute substantial evidence to support the ALJ's rejection of Plaintiff's symptom testimony relating to his hidradenitis suppurativa.

///

The only other reason the ALJ cited to discount Plaintiff's testimony about his hidradenitis suppurativa symptoms is that there is conflicting medical evidence in the medical record, citing a treatment note from a dermatologist who determined that Plaintiff's hidradenitis suppurativa was only "moderate in severity." (Tr. 23, citing Tr. 526-29.) A lack of supporting medical evidence, standing alone, is not enough to reject a claimant's symptom testimony. *See Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005) ("[A]n ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain."). Even if the objective medical evidence is inconsistent with Plaintiff's proffered symptoms,[4] the ALJ may not rely on a lack of objective medical evidence as the sole reason to discredit Plaintiff's symptom testimony. *See Taylor v. Berryhill*, 720 F. App'x 907, 907 (9th Cir. 2018) (explaining that a "lack of objective medical evidence cannot be the sole reason to discredit claimant's testimony," and holding that the ALJ failed to provide clear and convincing reasons for discounting the claimant's testimony) (citation omitted).

For these reasons, the Court finds that the ALJ did not provide specific, clear, and convincing reasons, supported by substantial evidence, to discount Plaintiff's symptom testimony. *See Heltzel v. Comm'r of Soc. Sec. Admin.*, No. 19-1287, 2020 WL 914523, at *4 (D. Ariz. Feb. 26, 2020) ("Because the ALJ's other reasons for rejecting Plaintiff's testimony were

---

[4] The ALJ acknowledged objective medical evidence in the record supporting Plaintiff's symptoms, including "[s]ome redness, swelling, and irregularity . . . in his axillary, pubic, and perineal areas, but no abscesses"; Plaintiff struggled "to sit in a chair for 90 minutes, due to his hidradenitis suppurativa" during a medical appointment; after a dermatology clinic visit, the record noted "[f]istula formation and scarring . . . on his bilaterally thighs, right buttock, left medial inferior chest, right leg, and trunk, but no actively draining sinuses"; and Plaintiff was prescribed Humira. (Tr. 23-24.) In addition, the medical record reflects that Plaintiff's hidradenitis suppurativa had not responded to oral antibiotics or aggressive topical therapy. (Tr. 526-27.)

legally insufficient, a mere lack of objective support, without more, is insufficient to reject Plaintiff's testimony.").

## II. REMEDY

### A. Applicable Law

"Generally when a court of appeals reverses an administrative determination, 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citing *INS v. Ventura*, 537 U.S. 12, 16 (2002)). In a number of cases, however, the Ninth Circuit has "stated or implied that it would be an abuse of discretion for a district court not to remand for an award of benefits when [the three-part credit-as-true standard is] met." *Garrison*, 759 F.3d at 1020 (citations omitted).

The credit-as-true standard is met if three conditions are satisfied: "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Id.* (citations omitted). Even when the credit-as-true standard is met, the district court retains the "flexibility to remand for further proceedings when the record [evidence] as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id.* at 1021.

### B. Analysis

The Court concludes that Plaintiff meets the credit-as-true standard here, and remand for benefits is appropriate.

PAGE 9 – OPINION AND ORDER

First, "the record has been fully developed and further administrative proceedings would serve no useful purpose." *Pulliam v. Berryhill*, 728 F. App'x 694, 697 (9th Cir. 2018) (citing *Garrison*, 759 F.3d at 1020). Second, "the ALJ's reasons for discrediting [Plaintiff's] testimony are not specific, clear, and convincing." *Id.* Third, if the improperly discredited evidence were credited as true, the ALJ would be required to find Plaintiff disabled on remand. (*See* Tr. 81, Plaintiff testified that he regularly had to lie down for long periods when his skin condition was active, which would preclude sustaining full-time employment; *see also* Tr. 28, 530-32, Plaintiff's treating primary care physician opined that Plaintiff would miss sixteen hours of work per month; Tr. 94, the vocational expert testified that an individual could not sustain full-time employment if absent two or more days per month).

For these reasons, and because the Court does not have serious doubt about whether Plaintiff is disabled, the Court exercises its discretion to remand this case for an award of benefits. *See Hoffschneider v. Kijakazi*, No. 18-15504, 2022 WL 3229989, at *3 (9th Cir. Aug. 10, 2022) (reversing district court opinion affirming denial of benefits and remanding with "instructions to remand to the Commissioner for a calculation and award of benefits" where the record included "claimant testimony establishing that [the claimant] must . . . lie down during the day[,]" "the ALJ failed to provide legally sufficient reasons for rejecting . . . [the claimant's] testimony[,]" and "the vocational expert has already testified that if [the claimant] were required to . . . lie down during the day, he would be unable to perform substantial gainful activity" and where "[o]nce the improperly discredited evidence is credited as true, the vocational expert's testimony forecloses a determination that [the claimant] can work").

///

///

PAGE 10 – OPINION AND ORDER

## CONCLUSION

Based on the foregoing reasons, the Court REVERSES the Commissioner's decision and REMANDS for an immediate payment of benefits.

**IT IS SO ORDERED.**

DATED this 6th day of October, 2022.

_____
HON. STACIE F. BECKERMAN
United States Magistrate Judge